UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR LAMAR WATERFORD,

        Petitioner,                      Case No. 11-10664

v.                                             HON. AVERN COHN

GREG McQUIGGIN,

        Respondent.
_____/

**ORDER OVERRULING PETITIONER'S OBJECTIONS (Doc. 18)**
**AND**
**ADOPTING REPORT AND RECOMMENDATION (Doc. 17)**
**AND**
**GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (Doc. 12)**
**AND**
**DENYING PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS (Doc. 1),**
**AND**
**DENYING A CERTIFICATE OF APPEALABILITY AND DISMISSING CASE**

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Victor Lamar Waterford (Petitioner) is a state prisoner challenging his 1991 sentence[1] of 560-840 months, consecutive to a two year term of imprisonment, following his convictions for second degree murder and felony firearm. Petitioner claims he is incarcerated in violation of his constitutional rights. The matter has been referred to a magistrate judge, before whom Respondent filed a motion for summary judgment on the grounds that the

---

[1] As the magistrate judge noted, Petitioner is also serving a life sentence without the possibility of parole for convictions in 1990 for first degree murder, assault with intent to commit murder, armed robbery, first degree criminal sexual assault, and felony-firearm. In 2007, Petitioner sought and was denied habeas relief by another judge in this district on those convictions. Waterford v. Withrow, 97-73773 (E.D. Mich.).

petition is barred by the concurrent sentencing doctrine and by the statute of limitations.

On December 14, 2011, the magistrate judge issued a MJRR recommending that Respondent's motion be granted because the petition was not timely filed.

Before the Court are Petitioner's objections to the MJRR. For the reasons that follow, the objections will be overruled, the MJRR will be adopted and Respondent's motion will be granted. The petition will be denied. A certificate of appealability will also be denied.

II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

III.

Petitioner objects to the magistrate judge's recommendation that the petition be denied as untimely, arguing that he is entitled to equitable tolling and has established actual innocence. The Court has carefully reviewed the objections in light of the MJRR. As the magistrate judge explained, the petition was filed over fourteen years after the

statute of limitations expired and Petitioner has not established equitable tolling or otherwise shown that the petition is not time barred. In short, the Court agrees with the magistrate judge that the petition was not timely filed, equitable tolling does not apply, and Petitioner has not shown actual innocence.

IV.

The magistrate judge also recommends that a certificate of appealability be denied.[2] The Court agrees. Reasonable jurists would not debate whether Petitioner is entitled to relief on his claims or whether the Court is correct in its procedural ruling. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); Slack v. McDaniel, 529 U.S. 473, 485 (2000). As such, Petitioner is not entitled to a certificate of appealability.

V.

Accordingly, Petitioner's objections are OVERRULED. The MJRR is ADOPTED as the findings and conclusions of the Court, as supplemented above. Respondent's motion for summary judgment is GRANTED. Petitioner's application for writ of habeas is DENIED. A certificate of appealability is also DENIED.

This case is DISMISSED.

SO ORDERED.

Dated:  January 6, 2012           S/Avern Cohn
                                  AVERN COHN
                                  UNITED STATES DISTRICT JUDGE

---

[2]See Rule 11(a), 28 U.S.C. foll. § 2254 (stating that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

3